IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Broach, #272257, ) | C/A No. 0:13-1871-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, Evans Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, William Broach ("Petitioner"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Evans Correctional Institution of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner is serving a cumulative fifty-year sentence imposed in January 2001 for two counts of criminal sexual conduct with a minor after a jury trial in Richland County General Sessions Court. (Pet. ¶¶ 1-6; ECF No. 1 at 1-2.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual Background**

Petitioner previously filed a § 2254 habeas petition in this court in Broach v. Warden Robert Stevenson, 9:08-1627-HMH-PJG, on April 18, 2008.[1] In C/A No. 08-1627, Respondent's motion for summary judgment was granted on June 4, 2009. (C/A No. 08-1627, ECF Nos. 59, 60.)

---

[1] The court takes judicial notice of Petitioner's prior proceedings in this district and circuit. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'") (citation omitted).



Petitioner appealed the judgment to the United States Court of Appeals for the Fourth Circuit, which dismissed his appeal on December 17, 2009. (Id., ECF Nos. 68, 69.)

Petitioner alleges that he filed a second application for post-conviction relief ("PCR") in April 2010, C/A No. 2010-CP-40-2870, on grounds including actual innocence and ineffective assistance of counsel. (ECF No. 1 at 4-5.) He avers that the Richland County Court of Common Pleas denied PCR, and his appeal of that decision was denied by the South Carolina Supreme Court. (See id. at 7.)

In the instant § 2254 Petition, Petitioner raises the single ground of ineffective assistance of counsel. (ECF No. 1 at 6.) In addressing the timeliness of his Petition, he claims that he "has just discovered" the case of Martinez v. Ryan, 132 S. Ct. 1309 (2012),[2] "which addresses inadequate assistance of counsel." (ECF No. 1 at 14.) Petitioner seeks a review, reversal and vacation of his sentence. (Id. at 15.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214

---

[2] In Martinez v. Ryan, 132 S. Ct. 1309 (2012), the Supreme Court held,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320.



(the "AEDPA"); and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).



**B.     Analysis**

As an initial matter, the State of South Carolina should be dismissed as a respondent because it is not the proper respondent in this habeas corpus action. The prisoner's custodian is the proper respondent in this habeas corpus action. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Accordingly, Plaintiff's warden is the proper respondent.

The Petition filed in this case should be summarily dismissed because it is a successive § 2254 petition and there is no indication that Petitioner requested and received permission from the United States Court of Appeals for the Fourth Circuit before he submitted it to this court. The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997); Latimer v. Warden, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 8, 2010) (adopting and incorporating Report and Recommendation, 2010 WL 2720964 (D.S.C. Apr. 14, 2010)). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. See In re Vial, 115 F.3d at 1194.

Because Petitioner has previously filed a § 2254 habeas petition attacking this same sentence, which was adjudicated on the merits in this court, Petitioner's arguments must be addressed to the Fourth Circuit in a motion for authorization to file a successive petition. Cf. Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) (to qualify as a "successive" petition, prior petition must have been adjudicated on the merits). A court of appeals may authorize a successive petition if "the factual

Page 4 of 7



predicate for [a] claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). A court of appeals may also authorize a successive petition if a claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. § 2244(b)(2)(A).

Petitioner's reference to Martinez indicates that he is asserting that Martinez is considered to have established a new rule of constitutional law made retroactive to cases on collateral review, a proposition for which Petitioner offers no authority. In any event, Petitioner's allegations and arguments, even if correct, do not establish that the present Petition is not "successive." If any of a petitioner's habeas claims have been adjudicated on the merits, a subsequent petition attacking the same sentence is necessarily "successive" unless it challenges some defect that arose after the sentence. See Burton v. Stewart, 549 U.S. 147, 154-56 (2007) (per curiam); Leal Garcia v. Quarterman, 573 F.3d 214, 224 (5th Cir. 2009). In the absence of authorization by the Fourth Circuit, this court lacks jurisdiction to hear a successive petition. See Burton, 549 U.S. at 152. The Fourth Circuit—not this district court—is the proper tribunal to make the decision when authorization for a second or successive § 2254 habeas petition is requested.

Thus, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts by obtaining authorization from the Fourth Circuit to file this action. See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) (stating that the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals");



In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). It is clear on the face of the instant Petition that such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this district court has no jurisdiction to consider the instant Petition, and Petitioner is barred from attacking his state court convictions and sentence in this court.

### III.  Conclusion

Accordingly, it is recommended that the instant Petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without requiring Respondent to file a return. It is also recommended that a Certificate of Appealability be denied.[3]

August 16, 2013  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Petitioner's attention is directed to the important notice on the next page.*

---

[3] Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Denial of a certificate of appealability does not prevent Petitioner from seeking permission to file a successive petition, or pursuing his claims after obtaining such permission.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).