IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| William Broach, #272257, | ) | C/A NO.  0:13-171-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden, Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on the *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").  On August 16, 2013, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice as this court is without jurisdiction to entertain it.  Petitioner filed a motion to amend on August 19, 2013, and a letter requesting the appointment of counsel on August 28, 2013.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

1

After conducting a *de novo* review as to objections made in the letter, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner's letter fails to address the deficiency of the petition; namely, that this petition is successive. Title 28, United States Code, Section 2244(b)(3) places specific restrictions on second or successive petitions under 28 U.S.C. § 2254. Prior to filing a second or successive petition under § 2254, Petitioner must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

There is no right to appointed counsel in habeas cases. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995). Attorneys may be appointed for a person "seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Counsel may be appointed when counsel is necessary for effective discovery and must be appointed when evidentiary hearings are required. *See* Rules Governing § 2254 Cases, Rules 6(a) & 8(c), 28 U.S.C. foll. § 2254.

As this petition is subject to dismissal because it is successive, no evidentiary hearing is set in this matter and the questions presented in the petition are not so complex as to require an attorney to effectively argue them for Petitioner. Accordingly, Petitioner's motion for appointment of counsel is **denied**.

Petitioner's motion to amend is denied and this petition is dismissed without prejudice and without issuance and service of process upon Respondent.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 11, 2013